UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          For Online Publication Only
----------------------------------------------------------------X
DALTON-WAYNE HENRY &
HAZEL-BEVERLY HENRY,

                Plaintiffs,

            -against-                                                                           **MEMORANDUM AND ORDER**
                                                                   16-CV-1504 (JMA) (AKT)

FLAGSTAR BANK, FSB &
CITIMORTGAGE, INC.,

                Defendants.
----------------------------------------------------------------X
**APPEARANCES:**

Dalton-Wayne Henry
    *Pro se Plaintiff*

Hazel-Beverly Henry
    *Pro se Plaintiff*

Noah M. Weissman
Jacquelyn N. Schell
Bryan Cave LLP
1290 Avenue of the Americas
New York, New York 10104
    *For Defendant CitiMortgage, Inc.*

FILED
CLERK
8/28/2017 2:01 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

       Plaintiffs Dalton-Wayne and Hazel-Beverly Henry, proceeding pro se, bring this action, alleging that defendants Flagstar Bank, FSB ("Flagstar") and CitiMortgage, Inc. ("CitiMortgage") violated various federal and state laws. CitiMortgage moves to dismiss the complaint on the alternative grounds that plaintiffs have failed to state a claim upon which relief can be granted and that plaintiffs' claims are barred by res judicata. Because plaintiffs fail to plausibly plead the elements of their federal claims, and because some of these claims are also barred by issue preclusion, CitiMortgage's motion to dismiss is granted. Nonetheless, the Court grants plaintiffs

1

partial leave to amend the complaint. Plaintiffs have thirty (30) days from the date of this Order to cure the deficiencies identified in their Truth in Lending Act and Real Estate Settlement Procedures Act claims as discussed below.

### I. BACKGROUND

On March 11, 2005, Dalton-Wayne Henry obtained a $270,000 loan from Flagstar. Dalton-Wayne agreed to pay back the principal in monthly installments, plus interest, to Flagstar or its transferee, in return for the loan he received. (Note, Decl. of Noah Weissman ("Weissman Decl."), Ex. 1-C, ECF No. 16-1.) As collateral, Dalton-Wayne mortgaged the premises located at 32 Cedar Road, Amityville, New York 11701 (the "Premises") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar. (Mortgage, Weissman Decl., Ex. 1-D, ECF No. 16-1.) The Mortgage was recorded on April 14, 2005. (Id.)

On December 31, 2009, MERS assigned the Mortgage to CitiMortgage. The assignment was recorded on February 4, 2010. (Assignment, Weissman Decl., Ex. 1-D, ECF No. 16-1.)

In September 2012, the County Clerk's Office of Suffolk County executed a Satisfaction of Mortgage on the Mortgage. (State Court Compl. ¶ 13, Weissman Decl., Ex. 1, ECF No. 16-1.) The Satisfaction of Mortgage was recorded on July 23, 2013. (Id. at ¶ 3.) On December 22, 2015, CitiMortgage brought suit against Dalton-Wayne and Hazel-Beverly in New York Supreme Court, seeking to vacate the Satisfaction of Mortgage, which CitiMortage alleged was entered erroneously in part because the Mortgage had not, in fact, been satisfied. (Id. at ¶ 1.) Also, in that suit, CitiMortgage sought: (1) quiet title to the Premises, under New York Real Property Actions and Proceedings Law ("RPAPL") § 1515; and (2) to establish its Mortgage as a valid first mortgage lien against the Premises in the amount of $255,803.38, superior to Dalton-Wayne's claim and all other potential claims. (Id. at ¶¶ 1, 2, 18.)

After Dalton-Wayne and Hazel-Beverly failed to appear, CitiMortgage moved for summary judgment, pursuant to New York Civil Practice Law Rule ("CPLR") § 3212.

On March 28, 2016—before the New York Supreme Court decided the motion for summary judgment—Dalton-Wayne and Hazel-Beverly commenced this action in the United States District Court for the Eastern District of New York, naming Flagstar and CitiMortgage as defendants. (Compl., ECF No. 1.)

On May 11, 2016, the state court entered a default judgment against the Henrys and granted CitiMortgage's motion. (Order Granting Summary Judgment, Weissman Decl., Ex. 2, ECF No. 16-2.) The state court vacated the Satisfaction of Mortgage, holding that it had been issued in error. (Id.) The Court also determined that the Mortgage had been validly assigned to CitiMortgage and that CitiMortgage held a valid first lien on the Premises. (Id.)

On October 14, 2016, CitiMortgage moved to dismiss the federal complaint.[1] (CitiMortgage's Not. of Mot. to Dismiss, ECF No. 15.) Only Dalton-Wayne opposed.

## II. DISCUSSION

CitiMortgage moves to dismiss the complaint on the alternative grounds that plaintiffs have failed to state a claim upon which relief can be granted and that plaintiffs' claims are barred by res judicata.[2] The Court discusses each in turn.

---

[1] Flagstar has not appeared in the federal action.

[2] CitiMortgage also moves to dismiss for lack of subject-matter jurisdiction. CitiMortgage argues that because plaintiffs have failed to plausibly allege any federal claims, they have failed to allege a basis for federal question jurisdiction. (Supp. Mem., 7–8, ECF No. 17.) Because CitiMortgage's argument, on its own terms, turns on the plausibility of plaintiffs' federal claims, and because a finding of implausibility is dispositive of the motion, the Court only addresses plausibility, not subject-matter jurisdiction.

3

A. <u>**Motion to Dismiss for Failure to State a Claim**</u>

    **1. Legal Standard**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the favor of the non-moving party. <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007). Further, <u>pro se</u> submissions must be construed liberally and interpreted as raising the strongest arguments they suggest. <u>United States v. Akinrosotu</u>, 637 F.3d 165, 167 (2d Cir. 2011) (<u>per curiam</u>); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." <u>Lehal v. United States</u>, No. 13-CV-3923, 2015 WL 9592706, at *5 (S.D.N.Y. Dec. 29, 2015) (quoting <u>Kopec v. Coughlin</u>, 922 F.2d 152, 155 (2d Cir. 1991)). Nevertheless, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." <u>Achtman v. Kirby, McInerney & Squire, LLP</u>, 464 F.3d 328, 337 (2d Cir. 2006) (internal citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).

Although courts are obligated to construe pro se complaints liberally, Harris, 572 F.3d at 72, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570.

On a motion to dismiss, the court may consider materials attached to the complaint, materials integral to the complaint, and materials incorporated into the complaint by reference. Gordon v. First Franklin Fin. Corp., No. 15-CV-775, 2016 WL 792412, at *6 (E.D.N.Y. Feb. 29, 2016) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002)). Furthermore, the Court may take judicial notice of public records, such as state court proceedings. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

**2. Analysis**

CitiMortgage contends that plaintiffs have failed to state any plausible federal claims. The Court agrees.

As best as can be gleaned from the complaint, plaintiffs appear to allege that CitiMortgage violated various federal statutes because CitiMortgage does not have standing to enforce the Note and Mortgage. Plaintiffs suggest that CitiMortgage lacks standing because Flagstar endorsed the assignment documents "in blank" and therefore converted the documents payable "to an unknown and presently silent party." (Compl. ¶ 26.) Plaintiffs submit that the only party with standing to collect payments is the holder of the "[o]riginal Note with (wet ink)," who they contend is "simply unknown at the present time." (Id. at ¶¶ 25, 41.) It is far from clear what plaintiffs mean when they refer to an endorsement "in blank" and "wet ink," but plaintiffs appear to challenge the validity of the assignment of the Note and Mortgage to CitiMortgage. Plaintiffs further allege that, by claiming ownership of the Note and Mortgage, CitiMortgage violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691, et seq.; the Truth in Lending Act ("TILA"), 15

5

U.S.C. §§ 1601, et seq.; the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.; the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41–58; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq. (Compl. ¶ 11.) With one exception, plaintiffs fail to cite any provisions or subsections of these statues, leaving both the Court and CitiMortgage to speculate as to the bases for the majority of plaintiffs' claims.

At the outset, the Court notes that even a liberal reading of the complaint reveals nothing more than vague and conclusory assertions regarding these federal laws. Plaintiffs allege only that CitiMortgage violated these statutes. They fail to provide any details regarding how CitiMortgage allegedly violated these statutes. Generally, a passing reference to a federal statute is insufficient to state a plausible claim. See Estes v. Toyota Fin. Serv., No. 14-CV-1300, 2015 WL 222137 (E.D.N.Y. Jan. 13, 2015).

The Court addresses the specific defects in each of plaintiffs' claims below.

### i. ECOA Claim

The ECOA prohibits lenders from discriminating against individuals with respect to any aspect of a credit transaction on the basis of race, color, religion, national origin, sex, marital status, or age. See 15 U.S.C. §§ 1691, et seq. To enforce this protection, the ECOA provides for a private right of action based on disparate treatment or disparate impact. Powell v. Am. Gen. Fin., Inc., 310 F. Supp. 2d 481, 487 (N.D.N.Y. 2004). "To establish a [disparate treatment] claim, a plaintiff must allege that she was a member of a protected class, that she was qualified for the loan that she requested and the lender declined the loan and showed a preference for a non-protected individual." Id. "To establish a prima facie case under a disparate impact theory, a plaintiff must identify a specific policy or practice which the defendant has used to discriminate and must also demonstrate with statistical evidence that the practice or policy has an adverse effect on the protected group." Id.

6

With regard to disparate treatment, plaintiffs fail to state a claim as they were not denied a loan. See Masudi v. Ford Motor Credit Co., No. 07-CV-1082, 2008 WL 2944643, at *4–5 (E.D.N.Y. July 31, 2008) (citing Powell, 310 F. Supp. 2d at 487)). With regard to disparate impact, plaintiffs fail to state a claim as they fail to articulate any CitiMortgage policy or practice. See Powell 310 F. Supp. 2d at 467. Furthermore, plaintiffs fail to allege any factual circumstances that give rise to an inference of discrimination on the basis of any protected class. See id. Accordingly, plaintiffs' ECOA claim is dismissed.

### ii. TILA Claim

The purpose of the TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . . ." 15 U.S.C. § 1601. The TILA generally only applies to creditors, who are defined as "person[s] who both (1) regularly extend[ ], whether in connection with loans, sales of property or services, or otherwise, consumer credit . . . and (2) [are] the person[s] to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness . . . ." 15 U.S.C. § 1602(g); see also 12 C.F.R. § 226.2(a)(17)(i) (defining "creditor" under the TILA as "[a] person who regularly extends consumer credit . . . , and to whom the obligation is initially payable, . . . on the face of the note or contract"). The assignee of a note may be liable for an original creditor's TILA violation "only if the violation . . . is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a).

Here, plaintiffs do not allege that CitiMortgage is a creditor under the TILA. The record makes clear that CitiMortgage is not a creditor because the Note and Mortgage were not originally payable to CitiMortgage. (See Compl. ¶¶ 5–6, 18, 89.) Rather, the Note and Mortgage were originally payable to Flagstar. (Compl. ¶ 6 (stating "Flagstar have . . . since accepting the [N]ote from Claimant transferred/swapped the Claimant's [N]ote . . . .").)

7

Even under an assignment theory, plaintiffs fail to state a claim.[3] Plaintiffs do not allege sufficient facts showing that the original Note and Mortgage contained TILA violations that were apparent on the face of the disclosure statement. Plaintiffs merely claim that defendants: (1) "failed to validate and otherwise make a full accounting and required disclosures as to the true finance charges and fees," (2) "improperly retained funds," and (3) "failed to disclose the status of the ownership of said loans." (Compl. ¶ 54.) Even accepting these allegations as true, the allegations are too general and conclusory to constitute a plausible claim under the TILA against CitiMortgage.

Accordingly, plaintiffs' TILA claim is dismissed.

### *iii. FDCPA Claim*

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA regulates how a "debt collector" must conduct itself when it attempts to collect a "debt" from a "consumer." To establish a violation under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015). The FDCPA prohibits any false, deceptive and misleading practices by "debt collectors," 15 U.S.C. § 1692e, and any "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. The FDCPA also imposes

---

[3] Plaintiffs' complaint alleges that CitiMortgage has no relation to the Note at all, implying that CitiMortgage is not an assignee. (Compl. ¶ 39 (questioning whether Flagstar's endorsement and transfer left CitiMortgage "as the holder-in-due course or even as agent for the holder in-due-course").) For the reasons discussed infra, due to issue preclusion, the Court must treat CitiMortgage as a valid assignee and thus, plaintiffs are barred from taking a contrary position.

certain obligations on a debt collector once a debt collector sends an "initial communication" to a debtor. 15 U.S.C. § 1692g.

Plaintiffs' conclusory assertion that CitiMortgage violated the FDCPA fails on multiple grounds.

First, to the extent that plaintiffs attempt to raise claims under § 1692g, they have not alleged sufficient facts to suggest that they received an "initial communication" from CitiMortgage. The only communication that plaintiffs appear to have received from CitiMortage is the complaint from the state court action that CitiMortgage served on plaintiffs. Such a pleading, however, does not constitute an "initial communication." See 15 U.S.C. § 1692g(d) (providing that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)"); see also Carlin v. Davidson Fink LLP, 852 F.3d 207, 213 (2d Cir. 2017) (interpreting § 1692g(d) and holding that "even documents that are superfluously attached to a formal pleading are not initial communications within the meaning of the FDCPA").

Second, plaintiffs cannot bring any FDCPA claim against CitiMortage because they have not plausibly alleged that CitiMortgage is a debt collector under the FDCPA. The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due [to] another." 15 U.S.C. § 1692a(6); see also Houck v. U.S. Bank, N.A. for Citigroup Mortg. Loan Tr. 2007-AR5, -- Fed. App'x --, at *2 (2d Cir. May 3, 2017) ("[T]he FDCPA does not apply to 'creditors' who seek in their own name to collect on debts owed to them." (citing 15 U.S.C. § 1692a(6)(A)). A "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns

9

a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii).

Here, plaintiffs allege no facts to show that CitiMortgage's principal purpose is the collection of debts or that CitiMortgage "regularly collects" debts owed another. Nor do plaintiffs allege that they were ever in default or, if in default, that the transfer of the Note from Flagstar to CitiMortgage was solely for the purpose of facilitating collection of the debt. See 15 U.S.C. § 1692a(4), (6) (stating that a "creditor" collecting a debt owed to itself is not a "debt collector" under the FDCPA).

Moreover, even if plaintiff could overcome these deficiencies, any FDCPA claims would still fail. The crux of plaintiffs' allegations appears to be that CitiMortgage acted improperly because the assignment to CitiMortgage was not valid, and, thus, CitiMortgage does not have standing to enforce the Note and Mortgage. As explained infra, plaintiffs are barred by issue preclusion from pursuing any claim premised on such allegations because, in the state court action, the state court already determined that the assignment to CitiMortgage was valid and that CitiMortgage holds a valid first lien on the Premises.

For all of the reasons stated above, the Court dismisses plaintiffs' claim under the FDCPA for failure to state a claim.

### iv. FTC Act Claim

The FTC Act does not provide for a private right of action. Oliver v. U.S. Bancorp, No. 14-CV-8948, 2015 WL 4111908, at *6 (S.D.N.Y. July 8, 2015) (citing Alfred Dunhill Ltd. v. Interstate Cigar Co., 499 F.2d 232, 237 (2d Cir. 1974)). The Court therefore dismisses the plaintiffs' claim under the FTC Act.

*v. RESPA Claim*

Plaintiffs first allege that CitiMortgage violated the RESPA by providing insufficient disclosures under 12 U.S.C. § 2605(b). (Compl. ¶ 57.) "Section 2605 obligates a loan servicer to respond to QWRs [qualified written requests] only insofar as those requests seek 'information relating to servicing of such loan[s]' . . . ." Gorbaty v. Wells Fargo, N.A., No. 10-CV-3291, 2014 WL 4742509, at *7 (E.D.N.Y. Sept. 23, 2014) (quoting 12. U.S.C. § 2605(e)(1)(A)). However, "[i]n asserting a claim under § 2605, a plaintiff must sufficiently allege one of two types of available damages: (1) 'actual damages to the borrower as a result of the failure' to respond to the QWR or otherwise comply with § 2605; or (2) statutory damages . . . 'in the case of a pattern or practice of noncompliance with the requirements' of section 2605." Id. at *5 (quoting 12 U.S.C. § 2605(f)).

A plaintiff claiming actual damages must allege that those damages were proximately caused by the servicer's failure to adhere to § 2605. Id.; Corazzini v. Litton Loan Servicing LLP, No. 09-CV-199, 2010 WL 6787231, at *12 (N.D.N.Y. June 15, 2010) ("[T]he courts have consistently dismissed complaints under RESPA if they do not allege actual damages or state merely that in a conclusory fashion the defendant caused damages to the plaintiff."). Simply claiming that a defendant's "failure to respond to a QWR caused damages without specifying how those damages were caused is not enough to survive a motion to dismiss." Bonadio v. PHH Mortg. Corp., No. 12-CV-3421, 2014 WL 522784, at *6 (S.D.N.Y. Jan. 31, 2014) (internal quotation marks omitted). Here, plaintiffs allege, in conclusory fashion, that CitiMortgage violated the notice requirements of § 2605(b). They do not, however, identify any actual damages that resulted from this alleged violation.

Alternatively, in order to pursue statutory damages, a plaintiff must establish "a pattern or practice of noncompliance with the requirements" of § 2605. 12 U.S.C. § 2605(f)(1)(B). "'Pattern

11

or practice' means 'a standard or routine way of operating.'" Gorbaty v. Wells Fargo Bank, N.A., No. 10-CV-3291, 2012 WL 1372260, at *5 (E.D.N.Y. Apr. 18, 2012) (quoting McLean v. GMAC Mortg. Grp., 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009)). Here, CitiMortgage allegedly failed to respond properly to the plaintiffs' "[d]iscovery demanded of them with regards to any interest in said Claimant's private property." (Compl. ¶5.) One potential violation does not qualify as a "standard or routine way of operating" or a "wide-ranging and institutionalized practice[]." Gorbaty, 2012 WL 1372260, at *5 (quoting Newton v. United Cos. Fin. Corp., 24 F. Supp. 2d 444, 456 (E.D. Pa. 1998)).

Plaintiffs also claim that defendants "fall within the requirements of the Real Estate Settlement Procedures Act (RESPA), and placed loans for the purpose of unlawfully increasing and otherwise obtaining yield spread fees, excess charges and amounts in excess of what would have been lawfully earned." (Compl. ¶ 56). However, plaintiffs fail to provide any factual context for these general accusations. Further, plaintiffs fail to specify which provision of the RESPA CitiMortgage allegedly violated with respect to these charges. See Ngwa v. Castle Point Mortg., Inc., No. 08-CV-859, 2008 WL 3891263, at *13 (S.D.N.Y. Aug. 20, 2008) (granting motion to dismiss when, inter alia, plaintiff failed to state which provision of the RESPA was allegedly violated). Without more, these allegations are too vague and conclusory to state a claim under the RESPA.

Accordingly, plaintiffs have insufficiently pled a RESPA claim.

**B. Issue Preclusion**

Many of the claims dismissed above are also barred by issue preclusion. CitiMortgage argues that res judicata bars plaintiffs from contesting the validity of the assignment to CitiMortgage because this issue was already decided by the state court's grant of summary judgment. (Supp. Mem. at 4–5.) Although it is not clear from CitiMortgage's motion whether it

12

rests its res judicata defense on claim or issue preclusion, it appears that issue preclusion is the more appropriate doctrine under the circumstances.[4]

### 1. Legal Standard

Under 28 U.S.C. § 1738, a federal court must "give to a state[-]court judgment the same preclusive effect that it would have in state court." Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan, 263 F.3d 196, 200 (2d Cir. 2001); see also Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). As the prior decision in this case was rendered by a New York state court, New York's issue preclusion doctrine governs. See Fequiere v. Tribeca Lending, No. 14-CV-812, 2016 WL 1057000, at *5 (E.D.N.Y. Mar. 11, 2016).

In New York, "issue preclusion, 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same.'" Antoine v. CitiMortgage, Inc., No. 15-CV-5309, 2017 WL 1133354, at *6 (E.D.N.Y. Mar. 24, 2017) (quoting Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000)). Before issue preclusion can be invoked, the Court must find that "(1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." Evans v. Ottimo, 469 F.3d 278, 281 (2d Cir. 2006) (citation omitted). The party invoking issue preclusion has the burden of demonstrating that the identical issue was decided in the prior proceeding, whereas the party opposing preclusion has the burden of showing an absence of a full and fair opportunity to litigate the issue in the prior action. Buechel v. Bain, 97 N.Y.2d 295, 304 (2001).

---

[4] "The term res judicata, which means essentially that the matter in controversy has already been adjudicated, encompasses two significantly different doctrines: claim preclusion and issue preclusion." Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 107 (2d Cir. 2015).

13

Under New York law, a default judgment may have issue preclusive effects. Evans, 469 F.3d at 282–83.

**2. Analysis**

*i. Identity of Issue*

First, the validity of the assignment of the Note and Mortgage to CitiMortgage—which appears to be the crux of plaintiffs' federal claims in this action—was actually raised in the state action. See Evans, 469 F.3d at 282 ("[F]or a question to have been actually litigated so as to satisfy the identity requirement, it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." (citation omitted)). Further, in granting summary judgment, the state court "necessarily decided" the validity of the assignment of the Note and Mortgage to CitiMortgage. Cf. Graham v. Select Portfolio Servicing, Inc., 156 F. Supp. 3d 491, 506 (S.D.N.Y. 2016) ("[I]t is clear that the issue of standing was necessarily decided by the state court because without deciding that U.S. Bank had standing, the foreclosure action could not have proceeded."); Fequiere, 2016 WL 1057000, at *9 ("In finding that [defendant] was entitled to foreclose on the Property, the state court implicitly and necessarily resolved the issues of: (a) any alleged impropriety in the procurement of the Mortgage or foreclosure; (b) [defendant]'s alleged lack of standing or rightful entitlement to the Property . . . ."), appeal dismissed (Aug. 18, 2016).

*ii. Full and Fair Opportunity to Litigate*

Second, plaintiffs have not shown that they lacked a "full and fair opportunity to litigate" in the state action. To provide a "full and fair opportunity to litigate," "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." Wilson v. Ltd. Brands, Inc., No. 08-CV-3431, 2009 WL 1069165, at *2 (S.D.N.Y. Apr. 17, 2009) (quoting Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481 (1982)).

14

> Among the factors relevant to the court's assessment of whether a party had a full and fair opportunity to be heard are: [1] the size of the claim, [2] the forum of the prior litigation, [3] the use of initiative, [4] the extent of the litigation, [5] the competence and experience of counsel, [6] the availability of new evidence, [7] indications of a compromise verdict, [8] differences in the applicable law and [9] foreseeability of future litigation.

Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 425 (S.D.N.Y. 2008) (quoting Schwartz v. Pub. Adm'r of the Cty. of Bronx, 24 N.Y.2d 65, 72 (1969)); see also In re Powell, 567 B.R. 429, 436 (Bankr. N.D.N.Y. 2017).

The Court has carefully considered these factors and concludes that plaintiffs have not satisfied their burden. Plaintiffs' complaint alleges that their due process rights were violated because the state court filed "foreclosure proceedings" against them in 2015, refused to honor their discovery requests, and refused to hear their federal claims. (Compl. ¶ 10.) However, plaintiffs fail to provide any factual allegations in support of these conclusory assertions. Moreover, these assertions are belied by the record from the 2015 state court action, which the Court notes was an action for vacatur of the Satisfaction of Mortgage, not a foreclosure action. In the 2015 action, plaintiffs had ample incentive to challenge the validity of the assignment to CitiMortgage. If plaintiffs had established that the assignment was invalid, CitiMortgage would have lacked standing to pursue vacatur of the Satisfaction of Mortgage. The records also make clear that plaintiffs had an opportunity to oppose summary judgment and litigate this issue. Rather than utilize that opportunity, plaintiffs simply defaulted.

Having determined that the validity of the assignment to CitiMortgage was actually litigated and necessarily decided, and further that plaintiffs had a full and fair opportunity to litigate the validity of the assignment in state court, the Court finds that plaintiffs are precluded from asserting that CitiMortgage is not the valid holder of the Note and Mortgage.

## C. <u>Leave to Amend</u>

A district court should generally not dismiss claims asserted by a <u>pro se</u> plaintiff without granting the plaintiff leave to amend the complaint to cure the defects identified. Indeed, a <u>pro se</u> litigant in particular should be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Shomo v. City of New York</u>, 579 F.3d 176, 183 (2d Cir. 2009) (quoting <u>Gomez v. USAA Fed. Sav. Bank</u>, 171 F.3d 794, 795 (2d Cir. 1999)). "Where an amendment would be futile, however, leave to amend is not required." <u>Lehal v. United States</u>, No. 13-CV-3923, 2015 WL 9592706, at *22 (S.D.N.Y. Dec. 29, 2015) (citing <u>Hill v. Curcione</u>, 657 F.3d 116, 123–24 (2d Cir. 2011) and <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988)).

Although plaintiffs' references to federal statutes are vague, given plaintiffs' <u>pro se</u> status and the Second Circuit's policy favoring granting <u>pro se</u> plaintiffs leave to amend, the Court will grant plaintiffs an opportunity to amend the complaint. <u>See</u> <u>Estes</u>, 2015 WL 222137, at *2 (citing <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000)). Plaintiffs have thirty (30) days from the date of this Order to file an amended complaint curing the deficiencies identified in their TILA and RESPA claims. Failure to do so will result in dismissal of these claims and may result in dismissal of plaintiffs' state law claims for the reasons discussed below.

Plaintiffs are advised that leave to amend does not extend to their claims brought pursuant to the ECOA, the FDCPA, and the FTC Act. Nor does leave to amend extend to any claim which relies on a finding that CitiMortgage is not the valid holder of the Note and Mortgage. Amendment of each of these claims would be futile, for the reasons discussed <u>supra</u>.

## D. <u>State Claims</u>

Plaintiffs also assert several state law claims against CitiMortgage.

"The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

If plaintiffs successfully plead one or more federal law claims in an amended complaint, the Court will consider exercising supplemental jurisdiction over their state law claims at that time. However, if, after an opportunity for amendment, plaintiffs fail to plead any plausible federal claim, the Court may decline to exercise supplemental jurisdiction over the state law claims alleged.[5]

### III.  CONCLUSION

For the reasons stated above, the Court grants CitiMortgage's motion and dismisses plaintiffs' federal claims.  Plaintiffs are granted thirty (30) days to amend the complaint and cure the deficiencies identified in their TILA and RESPA claims.  Plaintiffs' failure to amend the complaint consistent with this Order will result in dismissal of all of plaintiffs' federal claims and may result in dismissal of plaintiffs' state claims.

**SO ORDERED.**

Dated:  August 28, 2017
          Central Islip, New York

                                         /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

---

[5] Plaintiffs do not invoke—nor could they invoke—diversity jurisdiction under 28 U.S.C. § 1332.  Critically, plaintiffs have failed to allege the citizenship of any of the parties in the present action.  (See Compl.)

17