```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                        For Online Publication Only
----------------------------------------------------------X
DALTON-WAYNE HENRY &
HAZEL-BEVERLY HENRY,

                Plaintiffs,

        -against-                                   **MEMORANDUM AND ORDER**
                                                    16-CV-1504 (JMA) (AKT)
FLAGSTAR BANK, FSB &
CITIMORTGAGE, INC.,

                Defendants.
----------------------------------------------------------X
```

**APPEARANCES:**

Dalton-Wayne Henry
    *Pro se Plaintiff*

Hazel-Beverly Henry
    *Pro se Plaintiff*

Noah M. Weissman
Jacquelyn N. Schell
Bryan Cave LLP
1290 Avenue of the Americas
New York, New York 10104
    *For Defendant CitiMortgage, Inc.*

**AZRACK, United States District Judge:**

    In March 2016, plaintiffs Dalton-Wayne Henry and Hazel-Beverly Henry, proceeding pro se, commenced this action against defendants Flagstar Bank, FSB ("Flagstar") and CitiMortgage, Inc. ("CitiMortgage"), alleging that defendants violated various federal and state laws. (ECF No. 1.) In August 2017, the Court granted CitiMortgage's motion to dismiss plaintiffs' original complaint and granted plaintiffs leave to amend their complaint. (ECF No. 24, "August 2017 Order".) Before the Court is CitiMortgage's motion to dismiss plaintiffs' amended

complaint.[1] (ECF No. 30.) The Court assumes familiarity with the background of this case, which is set forth in this Court's August 2017 Order.

## I. DISCUSSION

In its motion to dismiss, CitiMortgage argues that plaintiffs have not cured the deficiencies in the original complaint because they still fail to state any plausible claims. (Def. Mem. 5–8.) CitiMortgage also argues that, once plaintiffs' federal claims have been dismissed, the Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims. (Def. Mem. 9.)

As explained below, the Court grants CitiMortgage's motion to dismiss the amended complaint and dismisses all of the federal claims against CitiMortage with prejudice. The Court also, sua sponte, dismisses the complaint against Flagstar because, among other things, plaintiffs have not alleged any colorable federal claims against Flagstar. Because no federal claims remain in this action, the Court declines to exercise supplemental jurisdiction over any state law claims.

### A. Standard for Motion to Dismiss for Failure to State a Claim

The Court is mindful that when considering a motion to dismiss a pro se complaint, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] Plaintiffs filed a document titled "Motion in Limine to Deny Reject and Stricke [sic] Defendants Notice of Motion, All Contents & Declaration in Support of Motion to Dismiss Plaintiffs' Amended Complaint." (ECF No. 29.) This appears to be plaintiffs' brief in opposition to CitiMortgage's motion to dismiss the amended complaint. To the extent that this is a motion to strike CitiMortgage's motion to dismiss, it is denied.

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "[M]ere conclusions of law or unwarranted deductions need not be accepted." Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (internal quotation marks and citations omitted). In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

On a motion to dismiss, the Court may consider materials attached to the complaint, materials integral to the complaint, and materials incorporated into the complaint by reference. Gordon v. First Franklin Fin. Corp., No. 15-CV-775, 2016 WL 792412, at *6 (E.D.N.Y. Feb. 29, 2016) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002)). The Court may also take judicial notice of public records, such as state court proceedings. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

**B. Subject Matter Jurisdiction**

Notwithstanding the liberal construction afforded to pro se filings, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700–01 (2d Cir. 2000). "Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700–01; see also Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of proof. Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010); DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271, 275 (2d Cir. 2006).

Here, a liberal reading of the amended complaint indicates that plaintiffs seek to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[2] "A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006) (internal quotation marks and citations omitted). A plaintiff invokes § 1331 jurisdiction when he pleads a "colorable claim" arising under the Constitution or federal law. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). A claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n.10 (quoting Bell v. Hood, 327 U.S. 678, 682–83 (1946)).

**C. Analysis of Federal Claims**

   **1. Federal Claims against CitiMortgage**

First, plaintiffs assert that "[CitiMortgage] . . . knowingly, intentionally, maliciously, and fraudulently reported false, negative information on [plaintiffs'] credit reports in violation of the federal [Fair Credit Reporting Act] causing [them] to suffer damages." (Am. Compl. at 7.) This "formulaic recitation of the elements of a cause of action" under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., is insufficient because plaintiffs do not allege what information CitiMortgage allegedly reported, to whom, why it was allegedly false, or any other information that could support such a claim. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). In short, plaintiffs have not pled sufficient facts to state a plausible FCRA claim.

---

[2] Plaintiffs do not invoke—nor could they invoke—diversity jurisdiction under 28 U.S.C. § 1332. The amended complaint again fails to allege the citizenship of any of the parties in this action.

Second, plaintiffs allege that CitiMortgage committed "numerous frauds and attempted frauds . . . attempting to collect the debt [which] are violations of the [FDCPA]." (Am. Compl. at 8–9.) Not only is the amended complaint devoid of any factual allegations to support such a claim, it contravenes the Court's August 2017 Order, which stated "that leave to amend does not extend to [plaintiffs'] claims brought pursuant to . . . the FDCPA."[3] (August 2017 Order, at 16.) Thus, plaintiffs' attempt to reassert this claim is denied.

Third, plaintiffs allege "fraud and misrepresentation" under the "compulsory special-claim[s]" section of the amended complaint and seek sanctions and an award of costs for CitiMortgage's "frivolous conduct" in bringing the State Court Action pursuant to Federal Rule of Civil Procedure 37(c)(1). (Am. Compl. 7.) Rule 37(c)(1) permits a court to sanction a party that fails to comply with the disclosure requirements of Rule 26(a) or fails to supplement its disclosures as required by Rule 26(e). If the failure to disclose or supplement is not substantially justified or harmless, the court may impose sanctions such as preclusion of undisclosed evidence and an award for costs. See Fed. R. Civ. P. 37(c)(1)(A)–(C). Here, plaintiffs' reliance on Rule 37 is misplaced, as it has no application at this stage of litigation. Accordingly, this claim is not plausible and is dismissed.

Finally, Dalton Henry seeks to raise claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., alleging that TILA was violated because he was not given two copies of the notice of the right to rescind and "the mortgage papers to take home and read for three days." (Am. Compl. at 5.) Generally, only a "creditor" is liable under TILA.[4] However, an assignee of

---

[3] Plaintiffs' first "affirmative claim" under the "answer" section of the amended complaint states that the FDCPA precludes CitiMortgage from demanding payment in any specific coin or currency of the United States. (Am. Compl. at 2.) To the extent this raises an FDCPA claim, it is dismissed. Not only does this fail to state a plausible claim, but as instructed in the August 2017 Order, plaintiffs' "leave to amend does not extend to their claims brought pursuant to . . . the FDCPA." (August 2017 Order, at 16.)

[4] Under TILA, a "creditor" is defined as a "person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit . . . and (2) is the person to whom the debt arising from

a note, such as CitiMortgage, may be liable for an original creditor's TILA violation "only if the violation . . . is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). Consequently, CitiMortgage may only be held liable for TILA violations committed by Flagstar that were "apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a).

TILA permits consumers to rescind certain credit transactions. Creditors must "clearly and conspicuously" disclose this right of rescission and provide the forms necessary for the consumer to exercise this right. See 15 U.S.C. § 1635(a). Regulation Z, a set of administrative rules promulgated by the Federal Reserve Board to implement TILA, specifies that the creditor must provide the consumer with two copies of "the notice of the right to rescind." 12 C.F.R. § 226.23(b)(1). The consumer may rescind a credit transaction up to three business days after the latest of (i) the date of the transaction; (ii) the date the consumer received his or her TILA disclosures; or (iii) the date the consumer received notice of his or her right to rescind. 12 C.F.R. § 226.23(a)(3). If the creditor fails to provide the proper disclosures, the consumer may rescind the transaction up to three years after its consummation. Id.

Here, even assuming Dalton Henry did not receive the notice, such events would have necessarily occurred when he obtained the loan from Flagstar to buy his dwelling—nearly five years before the assignment to CitiMortgage. Further, plaintiffs do not plead any facts demonstrating that this alleged TILA violation was "apparent on the face of the disclosure statement," such that liability could be imputed to CitiMortgage. And, as the regulations make clear, the disclosure statement and notice of the right to rescission are separate documents. See 12 C.F.R. § 226.23(b)(1).

Additionally, neither CitiMortgage nor Flagstar were required to provide notice of the right to rescission. Rescission was never an available remedy for plaintiffs because the transaction in

---

the consumer credit transaction is initially payable on the face of the evidence of indebtedness . . . ." 15 U.S.C. § 1602(f)

6

question was a "residential mortgage transaction," which is one type of transaction exempt from TILA's rescission provisions. See 15 U.S.C. § 1635(e)(1). A "residential mortgage transaction" is defined as "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x). The record makes clear that the funds Dalton Henry received from Flagstar were used to finance the acquisition of his dwelling. (See, e.g., Compl. ¶ 25.) As such, this was a residential mortgage transaction, and plaintiffs had no right to rescission. See Grimes v. Fremont General Corp., 785 F. Supp. 2d 269, 284 (S.D.N.Y. 2011) (concluding that the defendants were not required to provide notice of the right to rescission because the transaction in question was an exempt residential mortgage transaction); see also Noriega v. U.S. Bank, Nat'l Ass'n, 16-CV-1058, 2017 WL 3172998, at *4 (E.D.N.Y. July 25, 2017) (finding that plaintiff was not entitled to receive two copies of the notice of the right to rescission because the transaction in question was a residential mortgage transaction). Thus, because neither Flagstar nor CitiMortgage were obligated under TILA to provide plaintiffs with two copies of the notice of the right to rescind the transaction, their alleged failure to do so was not a TILA violation.

To the extent that plaintiffs' allegation that "Henry was not . . . given the Mortgage papers to take home and read for three days" is a separate claim from the alleged notice of the right to rescind violation, this claim is also not actionable under TILA. An assignee's failure to provide the borrower with unspecified "mortgage papers" does not give rise to an actionable claim under TILA. See infra Section (C)(2). Even if it did, plaintiffs have not pled facts demonstrating that this violation was "apparent on the face of the disclosure statement."

For these reasons, plaintiffs' alleged federal claims against CitiMortgage are dismissed for failure to state a claim.

**2. Federal Claims against Flagstar**

Any claims against Flagstar in the original complaint were superseded by the amended complaint. See Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (quoting Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)). Unlike the original complaint, the body of plaintiffs' amended complaint does not mention Flagstar by name.[5] Moreover, the few instances where the amended complaint appears to reference multiple defendants concern state law claims. (See Am. Compl. at 3) ("[Dalton] Henry [has] a possessory right in the instruments and the proceeds under § 3-306 of the [U.C.C.] . . . and [a] claim of recoupment under § 3-305 of the [U.C.C.] since my account was not credited by Respondents . . . ."); (see also Am. Compl. at 4) ("Libellees have not shown any documentary evidence proving they are holder, holder-in-due-course, grantor, or principal[.]"). Because the amended complaint contains no federal claims against Flagstar, the Court lacks subject matter jurisdiction.

A liberal reading of the amended complaint reveals only one potential federal claim against Flagstar. The ninth "affirmative defense" under the "answer" section of the amended complaint alleges that Dalton Henry was not given two copies of the notice of the right to rescind and "the Mortgage papers to take home and read for three days." (Am. Compl. at 5.) These allegations, however, do not allege colorable claims under TILA. Even assuming, arguendo, that the amended complaint does raise a TILA claim against Flagstar, the Court concludes that such a claim must be

---

[5] Flagstar has neither appeared in this action nor has been properly served. Proof of service of the original complaint on Flagstar dated March 30, 2016 indicates that the summons was served solely by mail—an improper method of service on a corporation under FRCP 4. (See ECF No. 4.) There is no indication that Flagstar was served with the amended complaint. Plaintiffs have not moved for a default judgment against Flagstar. Because the Court is dismissing Flagstar from this action on other grounds, it is unnecessary to address the service issues further.

dismissed, sua sponte, because it is not colorable. Thus, the Court lacks subject matter jurisdiction under § 1331.

As previously discussed, Flagstar was under no obligation to give plaintiffs notice of the right to rescind because the loan at issue was an exempt "residential mortgage transaction" under TILA.

Furthermore, even if plaintiffs' allegation that "[Dalton] Henry was not . . . given the Mortgage papers to take home and read for three days" seeks to raise a separate TILA claim from the alleged notice of the right to rescind violation, plaintiffs do not state a colorable claim against Flagstar. TILA requires creditors, such as Flagstar, to provide borrowers with clear, conspicuous, and accurate disclosures of the loan terms and other material information. See 15 U.S.C. § 1632. The required material disclosures include, but are not limited to, the amount financed, the annual percentage rate, the finance charge, the total of payments, and the payment schedule. See 12 C.F.R. § 226.18. Failure to give unspecified "mortgage papers" is not an actionable claim against creditors under TILA. Thus, even construing the amended complaint liberally and in a light most favorable to plaintiffs, any TILA claim against Flagstar is "wholly insubstantial and frivolous."

Not only are any potential federal claims against Flagstar not colorable, there is an additional basis to dismiss any TILA claims against Flagstar. The Court may also sua sponte dismiss Flagstar from this action because plaintiffs' alleged TILA claims against both defendants are, for many of the same reasons, not plausible under Iqbal.[6] See Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 26 n.6 (2d Cir. 1990) (dismissing the complaint with respect to a non-appearing defendant because the issues concerning that defendant were substantially the same as

---

[6] In any event, in light of the fact that Flagstar extended the loan to Dalton Henry in 2005 and assigned it to CitiMortgage in 2009, it is doubtful that a TILA claim, or any other federal claim, against Flagstar could be timely. See 15 U.S.C. § 1640(e) (stating that TILA actions for damages must be brought within one year of the alleged violation); see also 15 U.S.C. § 1635(f) (stating that actions for rescission based on an improper material disclosure must be brought within three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first).

those concerning the other defendants and the plaintiff had notice and a full opportunity to make out his claim against the non-appearing defendant).

**D. Supplemental Jurisdiction over State Law Claims**

The remainder of plaintiffs' amended complaint asserts various state law claims. "The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, because plaintiffs failed to plead any plausible federal claims in the amended complaint, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Therefore, plaintiffs' state law claims are dismissed without prejudice.

## II. CONCLUSION

For the reasons stated above, the Court grants CitiMortgage's motion to dismiss and dismisses plaintiffs' federal claims against CitiMortgage and Flagstar with prejudice. The Court declines to exercise supplemental jurisdiction over any state law claims and dismisses such claims without prejudice. CitiMortgage's request for an award of costs and disbursements is denied.

Although plaintiffs paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should they seek in forma pauperis status for the purpose of an appeal, any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order to the pro se plaintiffs.

**SO ORDERED.**

Dated:  March 31, 2019
       Central Islip, New York

                                           /s/ JMA
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE